UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DEWAYNE MOSLEY,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY,<br><br>Defendant. | No.  2:25-cv-01088-DAD-CSK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. Nos. 4, 10) |

This matter is before the court on defendant's May 30, 2025 motion for judgment on the pleadings and plaintiff's July 25, 2025 motion to amend the complaint. (Doc. Nos. 4, 10.) Both motions were taken under submission on the papers. (Doc. Nos. 6, 17.) For the reasons set forth below, the court will grant plaintiff's motion for leave to amend the complaint and deny as having been rendered moot defendant's motion for judgment on the pleadings.

**BACKGROUND**

On February 24, 2025, plaintiff Jason Dewayne Mosley filed this civil rights action in Stanislaus County Superior Court against defendant Stanislaus County and Does 1–10. (Doc. No. 1-1 at 5.) On April 11, 2025, defendant removed the action to this federal court pursuant to 28 U.S.C. § 1331, on the grounds that federal question jurisdiction exists. (*Id.* at 1–2.) In his complaint, plaintiff alleges as follows.

On February 2, 2024, while plaintiff was incarcerated at the Stanislaus County Jail, defendant Doe 1 grabbed and performed a take down of plaintiff to the ground, placing his knee, foot, or other body part on the back of plaintiff's neck, pressing down strongly against proper procedure and best practices, while handcuffing plaintiff. (*Id.* at ¶¶ 7–8.) Defendant failed to provide plaintiff with an adequate evaluation and medical treatment thereafter, further damaging plaintiff. (*Id.* at ¶ 11.)

Based on the above allegations, plaintiff asserts the following claims in his complaint: (1) violation of the Fourteenth Amendment right to substantive due process and 42 U.S.C. § 1983; (2) excessive use of force in violation of the Fourth Amendment and 42 U.S.C. § 1983; (3) violation of 42 U.S.C. § 1983 pursuant to *Monell*; (4) conspiracy to violate civil rights in violation of 42 U.S.C. §§ 1983 and 1988; (5) failure to train and supervise in violation of 42 U.S.C. § 1983; (6) intentional infliction of emotional distress; and (7) general negligence. (*Id.* at ¶¶ 23–61.)

On May 30, 2025, defendant filed its motion for judgment on the pleadings. (Doc. No. 4.) On July 25, 2025, plaintiff filed his opposition to the motion for judgment on the pleadings and a motion to amend the complaint. (Doc. Nos. 9, 10.) Plaintiff's motion to amend the complaint seeks to add allegations regarding retaliation that purportedly occurred after plaintiff filed his original complaint. (Doc. No. 10 at 29–30.) On August 1, 2025, defendant filed its reply in support of its motion for judgment on the pleadings. (Doc. No. 11.) On August 7, 2025, defendant filed its opposition to plaintiff's motion to amend the complaint. (Doc. No. 12.) On August 18, 2025, plaintiff filed his reply thereto. (Doc. No. 15.)

**LEGAL STANDARD**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent. *Id.*

/////

1    The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be
2 freely given when justice so requires." *Id.*  Nevertheless, leave to amend need not be granted
3 when the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces
4 an undue delay in litigation; or (4) is futile.  *See AmerisourceBergen Corp. v. Dialysist W. Inc.*,
5 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).
6 "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902
7 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S.
8 321, 330–31 (1971)).  "The party opposing leave to amend bears the burden of showing
9 prejudice." *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD*
10 *Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

**ANALYSIS**

**A.    Motion for Leave to Amend**

   Defendant argues that plaintiff's motion for leave to amend should be denied because
plaintiff failed to meet and confer, amendment would be futile because the proposed amendment
does not resolve the issues raised by defendant's motion for judgment on the pleadings, and the
proposed amendment does not comply with Federal Rule of Civil Procedure 20 because the new
allegations were purportedly committed by correctional officers other than those allegedly
involved in the February 2, 2024 incident.  (Doc. No. 12 at 4–6.)  In reply, plaintiff's counsel
argues that he attempted to meet and confer but defendant prematurely terminated the meet and
confer process, leave to amend should be denied on futility grounds only if it is certain from the
face of the complaint that any amendment would be futile, and the new allegations were
committed by the same correctional officers who committed the already alleged violations such
that Rule 20 does not apply.  (Doc. No. 15 at 2–4.)

   As for defendant's argument regarding the meet and confer requirement, it is true that this
court's standing order directs the parties to meet and confer (Doc. No. 2 at 2), and "[f]ailure of
counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by
the Court of any and all sanctions authorized by statute or Rule or within the inherent power of
the Court."  L.R. 110.  However here, where the parties dispute whether plaintiff satisfied the

3

1  meet and confer requirement, the court declines to exercise its discretion to deny the motion to
2  amend on that basis. *Maharaj v. Dairy Farmers of Am., Inc.*, No. 1:17-cv-01478-DAD-SKO,
3  2018 WL 550688, at *5 n.3 (E.D. Cal. Jan. 25, 2018) ("The court is unpersuaded either that
4  plaintiff failed to meet and confer prior to filing this motion or that the court should exercise its
5  discretion to deny this motion on that basis."); *cf. Tri-Valley CAREs v. U.S. Dep't of Energy*, 671
6  F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with
7  local rules is well within a district court's discretion.").

8  As for futility, "evaluating the merits of proposed claims is generally inappropriate when
9  considering motions for leave to amend." *Banc of California, Inc. v. Farmers & Merchants Bank
10 of Long Beach*, No. 16-cv-01601-CJC-AFM, 2017 WL 2972338, at *1 (C.D. Cal. Apr. 19, 2017);
11 *see also Melendres*, 2008 WL 4174918, at *4 ("In order to avoid piecemeal adjudication, this
12 Court would rather address these and other substantive issues when they are squarely presented to
13 the Court in the form of a dispositive motion addressed to a single amended complaint, where the
14 standard of review on appeal would be *de novo* rather than an abuse of discretion."); *Bentley v.
15 Arizona Dep't of Child Safety*, No. 17-cv-00966-PHX-DJH, 2018 WL 8262769, at *1–2 (D. Ariz.
16 Nov. 7, 2018) ("Ordinarily, courts will defer consideration of challenges to the merits of a
17 proposed amended pleading until after leave to amend is granted and the amended pleading is
18 filed. . . . Here, Defendants fail to justify any break from the ordinary; their arguments to the
19 sufficiency of the proposed amendment, even if merited, remain better left for full briefing on a
20 motion to dismiss.") (citation omitted).

21 Here, defendant argues only that plaintiff's original complaint was deficient and that the
22 proposed amendments do not resolve those deficiencies and also introduces new deficiencies.
23 (Doc. No. 12 at 4–5.) However, defendant does not argue that the deficiencies it contends are
24 present in plaintiff's original complaint cannot be resolved through *any* amendment. Defendant's
25 "argument may cast doubt on whether the new claims will eventually succeed on the merits, but
26 the futility inquiry requires much more: the opposing party must show that 'no set of facts' could
27 support a valid claim." *Idylwilde, Inc. v. Umpqua Feather Merchants, LLC*, No. 3:13-cv-02009-
28 HZ, 2014 WL 12775086, at *2 (D. Or. June 30, 2014); *see also Melendres v. Arpaio*, No. 07-cv-

02513-PHX-MHM, 2008 WL 4174918, at *4 (D. Ariz. Sept. 5, 2008) ("Defendants' Response in Opposition does not focus on the underlying merit of the original complaint, nor why any of the initial claims brought by Melendres were futile and should not proceed."). Accordingly, the court declines to bar amendment on the grounds of futility.

As for defendant's argument that plaintiff must meet the requirements of Rule 20, this rule only applies where a party seeks to join additional parties. Fed. R. Civ. P. 20. Here, plaintiff does not seek to join any new defendants. Plaintiff's proposed complaint continues to name only defendant Stanislaus County, as well as Doe defendants. (Doc. No. 10 at 27.) Defendant asks the court to speculate about the identity of these Doe defendants, claiming that because the newly alleged violations were committed by different correctional officers, these new correctional officers qualify as new Doe defendants who are being joined. Without deciding whether it is the court's role to speculate at this stage regarding the identity of Doe defendants, the court notes that plaintiff's counsel has represented to the court that the same correctional officers responsible for the previously alleged violations were also responsible for the newly alleged retaliatory conduct. (Doc. No. 15 at 2.) Taking that representation at face value, Rule 20 does not apply.

Because defendant makes no further argument in opposition to plaintiff's motion to amend the complaint, the court will grant plaintiff's motion.

**B.   Motion for Judgment on the Pleadings**

"Given that this Court is granting Plaintiff's Motion to Amend Complaint, Defendant['s] Motion for Judgment on the Pleadings will be denied without prejudice as moot." *Photography by Frank Diaz LLC v. Friends of David Schweikert*, No. 22-cv-01170-PHX-JAT, 2023 WL 3321695, at *4 (D. Ariz. May 9, 2023); *see also Ogunsalu v. Nair*, 264 Fed. Appx. 672, 674 (9th Cir. 2008)[1] ("An amended pleading supersedes the original pleading such that after amendment the original pleading no longer performs any function and is treated thereafter as nonexistent.") (citation omitted).

/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

5

**CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to amend the complaint (Doc. No. 10) is GRANTED;

2. Within two (2) days from the date of entry of this order, plaintiff shall file his first amended complaint, as proposed in his motion;

3. Defendants shall file its response to plaintiff's first amended complaint within twenty-eight (28) days from the date of filing of the first amended complaint; and

4. Defendant's motion for judgment on the pleadings (Doc. No. 4) is DENIED as having been rendered moot.

IT IS SO ORDERED.

Dated:   **December 16, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE